| | | |
|---|---|---|
| **LAURA CURRAN**<br>County Executive |  | **JARED A. KASSCHAU**<br>County Attorney |

## COUNTY OF NASSAU
### OFFICE OF THE COUNTY ATTORNEY

August 16, 2019

VIA ECF
Honorable Joan M. Azrack
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

                         **RE:**    *Vitiello v. County of Nassau*
                                     **Docket No.**: 19 – cv – 3465

Dear Judge Azrack:

      This office represents the County of Nassau ("County") in this action. Under Rule IV(B) of Your Honor's Individual Rules, I write to request a pre–motion conference as the County intends to file a motion to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This action should also be dismissed because there is a prior pending action asserting some of the same claims which is the subject of a stay issued by the Court.

      On March 7, 2016 plaintiff, represented by Eliot F. Bloom, Esq. filed a complaint in this Court, Docket Number 16-cv-01128 ("2016 Action"), alleging violations of the Clean Water Act, 44 U.S.C. § 1365 ("CWA" or "Act") and other federal statutes. In sum, plaintiff alleges that the water supply is contaminated throughout Nassau County and interferes with plaintiff's right and ability to use same without risking harm to his health. Plaintiff demanded injunctive relief and civil penalties in his 2016 Action. The County retained outside counsel to defend it in the 2016 Action. On September 27, 2016 counsel for the County filed a partial motion to dismiss the complaint based on, among other grounds, the Court's lack of subject matter jurisdiction over the CWA claims. After the motion was fully submitted, but before a decision was made, plaintiff's attorney, Mr. Bloom, was suspended from the practice of law and this Court stayed and Administratively Closed the case "until the Court directs otherwise." *See*, ECF Order dated September 13, 2017. Plaintiff's counsel was directed to report to the Court on the status of the suspension on October 31, 2017 but failed to do so. Thereafter, the County sought permission to make a motion to dismiss for failure to prosecute.

      On October 24, 2018, Raymond Negron, Esq. filed a notice of appearance in the 2016 Action but did not move to substitute for Mr. Bloom as counsel of record for plaintiff or move to lift the stay of the 2016 Action. Rather, Mr. Negron initially sought a pre-motion conference for permission to move for summary judgment on the CWA claims in the 2016 Action, and then, when the County objected, filed an amended complaint without permission from the Court and without moving to lift the stay.

On June 11, 2019, plaintiff, appearing by Mr. Negron, commenced this action (the "2019 Action"). The complaint filed in the 2019 Action also includes allegations that the County has violated the CWA in a substantially similar manner as alleged in the 2016 Action but adds additional factual allegations and legal theories. Notably, however, as discussed below, plaintiff again failed to satisfy the notice requirement to bring an action under the CWA which deprives the Court of subject matter jurisdiction over these claims. Thus, the complaint filed in the 2019 Action is defective for many of the same reasons that were addressed in the County's motion to dismiss the 2016 Action. Accordingly, the County now seeks permission to move to dismiss the 2019 Action in its entirety.

First, the 2019 Action must be dismissed based on the prior pending action doctrine. "As part of its general power to administer its docket, a district court may stay or dismiss a suit . . . *duplicative of another federal court suit. Curtis v. Citibank, N.A.*, 226 F. 3d 133, 138 (2d Cir 2000) (*citing Colorado River Water Cons. Dist. v. U.S.*, 424 U.S. 800, 817 (1976)). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the *comprehensive disposition of litigation*." (emphasis added). *Curtis*, 226 F. 3d at 138. "The doctrine is also meant to protect parties from the vexation of concurrent litigation *over the same subject matter*." (emphasis added). *Curtis*, 226 F. 3d at 138. Therefore, given the fact that both suits seek to litigate the same subject matter and are based on similar or the same allegations and/or demands for relief this action should be dismissed or the 2016 Action dismissed for failure to prosecute.

Second, neither this 2019 Action nor the 2016 Action were preceded by the statutorily required notice. As a mandatory prerequisite the citizen-plaintiff may not commence an action until "sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator [ of the Environmental Protection Agency ( "EPA"), (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator." 33 U.S.C. § 1365. *Hallstrom v. Tillamook County,* 493 US 20, 26-28 (1989) (holding that the notice requirement is a "mandatory, not optional condition precedent for suit") Such notice is referred to as a notice letter, a notice of intent to file suit, or an NOI letter. Accordingly, if a suit is not preceded by the statutorily required NOI letter the District Count must dismiss the action as barred by the terms of the statute. *See Friends of the Earth, Inc v. Laidlaw Envtl. Servs.* 528 U.S. 167, 174-175 (2000) (citing the NOI as a precondition to a CWA citizen suit). The CWA pre-suit notice requirements are codified at 40 C.F.R.§ 135. The regulations set out: (i) who must be notified; (ii) how they must be notified; and (iii) the mandatory content of the notice. For an NOI letter to be effective and to accomplish its purpose of pre-complaint investigation and resolution of claims, the NOI letter must contain sufficient information to apprise EPA, the state and the alleged violator of " the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." 40 C.F.R.§ 135.3. Requiring citizens to comply with the notice requirements allows the primary enforcers - the federal and state regulators- to take responsibility for enforcing environmental regulations when necessary and gives the alleged violator an opportunity to bring itself into compliance – in either instance rendering a citizen suit unnecessary. *See Gwaltney of Smithfield, Ltd. V Chesapeake Bay Foundation, Inc.*, 484 U.S. 49,60 (1987). Plaintiff has not satisfied the

pre-suit notice requirements; accordingly, his complaint must be dismissed.

Plaintiff also alleges that the County is responsible for leaks derived from private sewer laterals ("PSL") existing under privately – owned properties and such leaks violate the CWA. The Act does not prohibit or provide any remedy for a discharge from these private sewer laterals because the Act only prohibits unpermitted discharges into "navigable waters" of the United States, and under applicable regulations, soil and groundwater on private property are outside the ambit of the Act. 40 C.F.R. 122.2 (defining "waters of the United States"). Furthermore, alleged seepage from private pipes on to private property, is not a discharge for which the County is responsible and may be held liable. *See Sniper v Syracuse*, 139 A.D.2d 93, 96 (4th Dept. 1988), Nassau County Sewer Use Ordinance No. 266-1985. Moreover, plaintiff lacks standing to sue for alleged injury to other citizen's property -- as opposed to discharges into CWA regulated waters. *See Friends of the Earth, Inc. v Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S.at 181.

Under § 1365(a)(1) a citizen may only bring suit to enforce "an effluent standard or limitation," or an order of the EPA Administrator or State with respect to such standard or limitation. *U.S. EPA ex rel. McKeown v Port Auth*., 162 F. Supp 2d 173, 188 (S.D.N.Y. 2001). The term "effluent standard or limitation" is defined in § 1365 to include only seven enumerated provisions of the Act, and the measures that plaintiff claims "must" be implemented by the County are not required by those seven provisions (nor any other provision of the Act for that matter). *Id.* § 1365(f). The alleged failure of the County to perform maintenance measures that plaintiff deems beneficial, or plaintiff's complaints regarding the substance and implementation of the County's sewage treatment operator contracts do not constitute a violation of the Act, and certainly not a violation he may sue to correct. Plaintiff has failed to allege facts that match any of the seven citizen enforceable provisions, and therefore has failed to state a claim upon which relief can be granted, given the limited nature of a citizen suit. See *CARS v U.S. Army Corps of Eng'rs*, 2005 U.S. Dist LEXIS 38404, at *23 (W.D.N.Y. Dec. 23, 2005, No. 04-CV-0328E-Sr.).

Additionally, the complaint must be dismissed because the allegations: (i) do not meet the CWA citizen suit standing criteria (*Friends of the Earth, Inc. v Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167); (ii) seek enforcement of New York State laws and regulations that are beyond the scope of the CWA citizen enforcement provisions (*Atlantic States Legal Foundation v. Eastman Kodak*, 12 F. 3d 353 (2nd Cir. 1993)); (iii) do not sufficiently allege ongoing violations (*Gwaltney of Smithfield, Ltd. V Chesapeake Bay Foundation, Inc.*, 484 U.S.at 60). and (iv) contain factual allegations and claims for relief that are beyond the five-year statute of limitations applicable to federal government actions ( *Sierra Club v Chervon U.S.A, Inc.,* 834 F. 2d 1517,1521 (9th Cir. 1987)).

Thank you very much for your attention to this matter.

Respectfully submitted,
*Laurel R. Kretzing*
Laurel R. Kretzing
Deputy County Attorney
(516) 571-3012/lkretzing@nassaucountyny.gov

3

**CC**: Raymond Negron, Esq. (Via ECF)
*Attorney for Plaintiff*
234 North Country Road
Mount Sinai, New York 11766
631 – 928 – 3244
ffnegron@hotmail.com