UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   For Online Publication Only
ROBERT VITIELLO,

                Plaintiff,

          -against-   **ORDER**
                                                                                      19-CV-3465 (JMA) (AKT)

COUNTY OF NASSAU,

                Defendant.
----------------------------------------------------------------------X

**APPEARANCES:**

Ray Negron
234 North Country Road
Mount Sinai, NY 11766
    *Attorney for Plaintiff Robert Vitiello*

Jared A. Kasschau
Laurel R. Kretzing
Office of the Nassau County Attorney
1 West Street
Mineola, NY 11501
    *Attorneys for Defendant Nassau County*

**AZRACK, United States District Judge:**

## I. BACKGROUND

On June 11, 2019, plaintiff Robert Vitiello ("Plaintiff") filed the instant citizen suit under the Clean Water Act (the "CWA") in which he alleges that Nassau County ("Defendant") discharged pollutants from its municipal sewer system into waters of the United States. (ECF No. 1.) This is Plaintiff's second citizen suit under the CWA against Defendant, as he filed an earlier complaint on March 7, 2016 in which he raised nearly identical claims. (ECF No. 1, Dkt. 16-cv-1128.) After Plaintiff moved to withdraw his earlier complaint, the Court dismissed the action. (See ECF Nos. 32, 33, Dkt. 16-cv-1128.)

1

In the instant action, Defendant has moved to dismiss Plaintiff's complaint. (ECF No. 16.) Because Plaintiff failed to comply with the CWA's strict statutory notice requirement and did not provide the requisite notice to the Administrator of the Environmental Protection Agency ("EPA") before filing his citizen suit, the Court GRANTS Defendant's motion and dismisses the complaint.

## II. DISCUSSION

### A. Standard

Defendant moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

#### 1. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim when there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). In reviewing a motion to dismiss under this Rule, the Court accepts all factual allegations in the complaint as true. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). In resolving a jurisdictional issue, the Court may consider other materials beyond the pleadings but may not rely on mere conclusions or hearsay statements contained therein. J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).

#### 2. Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Mere labels and legal

conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

**B. Plaintiff Failed to Satisfy the Statutory Notice Requirement**

The statutory provision regarding citizen suits brought under the CWA requires plaintiffs to comply with strict notice procedures before filing suit. The statute provides that "[n]o action may be commenced . . . prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator [of the EPA], (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order." 33 U.S.C. § 1365(b)(1)(A). This notice "shall be given in such manner as the Administrator shall prescribe by regulation." 33 U.S.C. § 1365(b). The pertinent regulation explains that "service of notice shall be accomplished by certified mail addressed to, or by personal service upon, the head of such agency." 40 C.F.R. § 135.2(b). Further, "[a] copy of such notice shall be mailed to the chief administrative officer of the water pollution control agency for the State in which the violation is alleged to have occurred, the Administrator of the Environmental Protection Agency, and the Regional Administrator of the Environmental Protection Agency for the region in which such violation is alleged to have occurred." Id.

In his complaint, Plaintiff claims that on September 22, 2015, he provided the required statutory notice to the County of Nassau, which then "failed to resolve this action during the 60-day period to enter a settlement of this matter to avoid litigation." (ECF No. 1 at 24.) However, Plaintiff makes no mention of providing notice to anyone at the EPA, which the statute also requires. In his brief in opposition to the instant motion, Plaintiff does not contest this deficiency. Rather, he focuses on the adequacy of the content of his notice and describes how he complied

3

with the statutory requirement that he wait sixty days before filing suit. (Pl.'s Opp. to Def.'s Mot. to Dismiss, ("Pl.'s Opp."), ECF No. 17 at 5.)

Because Plaintiff did not satisfy the CWA's requirement that he serve the Administrator of the EPA with notice of his claims before bringing his citizen suit, his complaint must be dismissed. Most of the Courts of Appeals "have concluded that the CWA's pre-suit notice provision implicates a federal court's subject-matter jurisdiction." City of Newburgh v. Sarna, 690 F. Supp. 2d 136, 152 (S.D.N.Y. 2010), aff'd in part, appeal dismissed in part, 406 F. App'x 557 (2d Cir. 2011) (collecting cases). Likewise, "[d]istrict courts in this Circuit . . . have consistently treated the CWA's notice requirement as a question of subject-matter jurisdiction." Id. (collecting cases). While recognizing that the Second Circuit has not definitively concluded that the notice requirement implicates a court's subject-matter jurisdiction,[1] this Court finds that it lacks subject-matter jurisdiction over Plaintiff's complaint because he failed to comply with the CWA's notice requirement. Accordingly, Defendant's motion to dismiss is granted.

Alternatively, the Court dismisses Plaintiff's complaint because he failed to plead compliance with a statutorily-mandated condition precedent to filing suit. The CWA's notice requirement is, at minimum, "a mandatory precondition that, if not met, requires dismissal of the action." HEAL Utah v. PacifiCorp, 375 F. Supp. 3d 1231, 1240 (D. Utah 2019). Plaintiff has failed to establish compliance with this requirement. In neither his complaint nor his brief in

---

[1] The Second Circuit has held that a party's failure to comply with other requirements of pre-litigation notice letters—such as explicitly identifying the pollutant at issue in the notice letter—justifies "a district court's dismissing claims based on pollutants not properly noticed." Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York, 273 F.3d 481, 489 (2d Cir. 2001), adhered to on reconsideration, 451 F.3d 77 (2d Cir. 2006). In analyzing compliance with the notice letter requirements, the Catskill Mountains panel "appears to have assumed," without deciding, "that the question was one of subject-matter jurisdiction." Sarna, 690 F. Supp. 2d at 152. In dicta in a later case, though, the Second Circuit noted that while it "assume[s] that non-compliance with the pre-suit notice provisions of . . . the Clean Water Act does not affect a federal court's subject matter jurisdiction," the panel did "not decide that issue, because [it] conclude[d] that dismissal of the plaintiff's amended complaint is warranted in any event." Bldg. & Constr. Trades Council of Buffalo v. Downtown Dev., Inc., 448 F.3d 138, 157, 158 n.14 (2d Cir.2006).

4

opposition to the instant motion does Plaintiff demonstrate that he provided notice to the EPA before filing suit. Accordingly, because Plaintiff has failed to demonstrate compliance with the condition precedent that he provide notice to the EPA before filing suit, his complaint must be dismissed.

Nonetheless, Plaintiff argues that this Court should take a "pragmatic/functional" approach to his failure to provide notice. He warns that should the Court dismiss his complaint, he will "initiate a new action by serving a new notice and then filing a new Complaint," which "would merely create additional work for the parties and for the Court, and further damage citizens by permitting the continuation of water pollution and violation of the Clean Water Act." (Pl.'s Opp. at 5.) Most critically, however, Plaintiff cites no authority to support his proposed approach.

In addition, Plaintiff ignores that the reason parties must provide notice to the EPA is so that the notice may lead to a resolution of the issue without resorting to litigation. As the Supreme Court has explained in a similar context, with respect to the Resource Conservation and Recovery Act, "notice allows Government agencies to take responsibility for enforcing environmental regulations" and "gives the alleged violator an opportunity to bring itself into complete compliance with the Act and thus likewise render[s] unnecessary a citizen suit." Hallstrom v. Tillamook Cty., 493 U.S. 20, 29 (1989) (quoting Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 58 (1987)). The purpose of the notice requirement "would be frustrated if citizens could immediately bring suit without involving federal or state enforcement agencies." Id. With respect to the EPA, in particular, Plaintiff's failure to provide notice prevents the EPA from having "the requisite opportunity to determine whether it wanted to intercede or was content to let Plaintiff pursue the matter on his own." Hammes v. City of Davenport, 381 F. Supp. 3d 1038, 1042 (S.D. Iowa 2019). Plaintiff's proposed "pragmatic" approach is unpersuasive. The Court cannot

overlook the notice letter's deficiencies because the CWA's "notice requirement is not a mere technical wrinkle of statutory drafting or formality to be waived by the federal courts." Bettis v. Town of Ontario, N.Y., 800 F. Supp. 1113, 1118 (W.D.N.Y. 1992) (quoting Walls v. Waste Resource Corp., 761 F.2d 311, 316 (6th Cir. 1985)). Accordingly, Plaintiff's failure to comply warrants dismissal of the complaint "without prejudice to refiling after full compliance with 33 U.S.C. § 1365(b)(1)(A)." Catskill Mountains, 273 F.3d at 489.

### III. CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: September 30, 2020
       Central Islip, New York

                                                    /s/ (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE